UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HOWARD JOSEPH DAY,

**Plaintiff,**

v.                    6:14-cv-22

KENNETH VAUGHN and JAMES SPRINGER, in their individual capacities,

**Defendants.**

## ORDER

### I. INTRODUCTION

Plaintiff Howard Joseph Day brings this 42 U.S.C. § 1983 action against Kenneth Vaughn and James Springer ("Defendants") for alleged violations of his Eight and Fourteenth Amendment rights. ECF No. 1. Defendants have moved to dismiss Plaintiff's Complaint arguing that the Prison Litigation Reform Act ("PLRA") bars Plaintiff's claims, that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983, and, alternatively, that they are entitled to qualified immunity. ECF No. 7-1 at 4, 14, 21.

Because the Court agrees that the PLRA bars Plaintiff's claims in this case, Defendants' Motion to Dismiss is *GRANTED*.

### II. BACKGROUND

At the time Plaintiff filed the Complaint in this case, he was incarcerated in Baldwin State Prison. ECF No. 1 at 2. His Complaint alleges that, during a previous incarceration, Defendants improperly transferred him from Probation Residential Substance Abuse Program to Emanuel Probation Detention Center ("PDC"). *Id.* at 3. Plaintiff alleges that Defendants detained him at PDC from April 1, 2012, until November 13, 2012, without lawful authority, thus violating his Eighth and Fourteenth Amendment rights under color of state law. *Id.* at 5.

### III. STANDARD OF REVIEW

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court, however, is not limited to the four corners of the pleadings; rather a proper review of a motion to dismiss "requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal*, 556 U.S. at 678 (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Yet, "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original).

In *Iqbal*, the Supreme Court further explained the required level of specificity:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

556 U.S. at 678 (internal citation and quotation omitted).

In order to assess the plausibility of a complaint, a court must be mindful of two principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, *Iqbal* suggests a "two-pronged approach" to assessing a defendant's Rule 12(b)(6) motion: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679)). Importantly, however, the "plausibility standard is not akin to a 'probability requirement' at the pleading stage." *Id.* at 1289 (quoting *Iqbal*, 556 U.S. at 678). Instead, it "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a plaintiff's claim for relief. *See McCray v. Potter*, 263 F. App'x 771, 773 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Under the PLRA, a plaintiff's claims that have not been exhausted through the prison's grievance system or that seek relief barred under the PLRA are subject to dismissal. *See Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008) ("We have no discretion to waive th[e] exhaustion requirement."); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) ("In order to avoid dismissal under [the PLRA], a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis.").

### IV. ANALYSIS

Defendants have moved to dismiss Plaintiff's Complaint, arguing that the PLRA bars Plaintiff's claims and, regardless of whether PLRA bars Plaintiff's claims, his Complaint fails to state a claim for which the Court can grant relief. ECF No. 7-1 at 3. Alternatively, Defendants argue that they are entitled to qualified immunity. *Id.*

In response, Plaintiff argues that the PLRA does not bar his claims, that his Complaint does state a claim for relief under 42 U.S.C. § 1983, and that Defendants are not entitled to qualified immunity. ECF No. 10-1 at 1, 3-4.

### A. The PLRA

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other

2

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Additionally, the PLRA limits recovery available to prisoners as no federal actions may be brought "for mental or emotional injury suffered while in custody without a prior showing of physical injury of the commission of a sexual act." *Id.* § 1997e(e). These limitations seek "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). Pursuant to this end, the PLRA's reference to "prison conditions" has been interpreted broadly to cover "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Indeed, the PLRA covers all prisoner actions for injuries "suffered while in past *or* present custody, even if the subject of the filed lawsuit[] is unrelated to the current imprisonment." *Napier*, 314 F.3d at 534.

The PLRA's applicability is determined "at the time the federal civil action was 'brought,' i.e., when it was filed." *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000). Therefore, although Plaintiff argues otherwise, *see* ECF No. 10-1 at 1-2, because Plaintiff was incarcerated in Baldwin State Prison at the time he filed his Complaint in this case, the PLRA applies to this action despite the fact that the current "lawsuit[] is unrelated to the current imprisonment." *Napier*, 314 F.3d at 534.

### 1. Plaintiff Exhausted His Administrative Remedies

The parties agree that Plaintiff has exhausted his administrative remedies. ECF Nos. 10-1 at 2; 13 at 3. Therefore, the crux of the parties' dispute under the PLRA is the extent to which the statute limits Plaintiff's available remedies.

### 2. Plaintiff Cannot Recover Compensatory Damages or Punitive Damages

Plaintiff's Complaint "seeks actual, compensatory and punitive damages," ECF No. 1 at 1, for "mental anguish, loss of . . . ability to work and gain income, loss of contact with . . . family, loss of . . . freedom and . . . faith in humanity." *Id.* at 7, 10. While the Court is uncertain as to how it could grant adequate relief for Plaintiff's alleged loss of faith in humanity, it is certain that Plaintiff's prayers for compensatory relief, except for his alleged loss of income, constitute emotional damages and are thus unrecoverable under the PLRA "absent a showing of physical injury." *See Johnson v. Patterson*, 519 F. App'x 610, 612 (11th Cir. 2013). Similarly, the PLRA bars claims for punitive damages where no physical injury is alleged. *Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011). Plaintiff has not alleged a physical injury; therefore the PLRA bars his claims for emotional and punitive damages.

As to Plaintiff's prayer for damages for his alleged loss of income, Defendants ask the Court to "construe[] [the PLRA] to bar all claims for compensatory damages in the absence of a bodily injury," effectively barring this action in its entirety. In support

3

of this request, Defendants argue that "all claims for compensatory damages are barred by [the PLRA] in the absence of physical injury." ECF No. 13 at 4. This is not necessarily the case. It is true that it is well settled that "a prisoner may not bring a federal civil action for damages for mental or emotional injury suffered while in custody absent a showing of physical injury." *Johnson*, 519 F. App'x at 612. However, the cases Defendant cites in the Eleventh Circuit do not compel a conclusion that the PLRA bars all suits for compensatory damages absent a physical injury.[1] Indeed, cases in other circuits considering the availability of compensatory damages under the PLRA have suggested that such damages may be available under the PLRA where a plaintiff alleges some other "compensable injury." *See, e.g., Davis v. Dist. of Columbia*, 158 F.3d 1342, 1348 (D.C. Cir. 1998); *see also Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) (finding that actions for compensatory damages may be brought provided that the damages do not fall within PLRA's bar on compensatory damages for emotional or mental injuries); *see cf. Royal v. Kautzky*, 375 F.3d 720, 724 (8th Cir. 2004) ("[Plaintiff] may not recover some indescribable and indefinite damage allegedly arising from a violation of his constitutional rights.").

This interpretation comports with a reading of the PLRA and its purpose. "Congress promulgated the PLRA to curtail prisoner tort, civil rights and conditions litigation." *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997). It limits § 1983 actions not only by requiring exhaustion of administrative remedies, but also by eliminating compensatory damages for emotional or mental damages absent a showing of physical injury. 42 U.S.C. § 1997e(e). However, the scope of compensable injuries recognized under § 1983 is broader than emotional or mental injuries. "In an action pursuant to 42 U.S.C. § 1983, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation." *Hale*, 345 F. App'x at 491; *see also Memphis Cmty. Sch. Dist. v. Statchura*, 477 U.S. 299, 307 (1986) (compensatory damages under § 1983 "may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering" (alteration omitted) (quotation omitted)). Thus, precluding recovery for emotional damages absent a showing of physical injury

---

[1] *Hale v. Sec'y for Dep't of Corr.*, 345 F. App'x 489, 491 (11th Cir. 2009) ("[P]ursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate physical injury . . . in order to recover compensatory or punitive damages for *mental or emotional injury* suffered while in custody." (emphasis added)); *Frazier v. McDonough*, 264 F. App'x 812, 815 (11th Cir. 2008) (finding claims for compensatory and punitive damages barred where plaintiff alleged mental and emotional injuries, but no physical injury); *Napier*, 314 F.3d at 534 (same); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (concluding that the PLRA precluded recovery of compensatory and punitive damages for an alleged burden on religious exercise), *abrogated on other grounds by Sossamon v. Texas*, 121 S. Ct. 1651 (2011); *Harris v. Garner*, 190 F.3d 1279, 1285-89 (11th Cir.) (concluding that no compensatory or punitive damages could be recovered where plaintiff alleged only an insufficient physical injury), *vacated en banc by* 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part on reh'g,* 216 F.3d 970 (11th Cir. 2000).

4

precludes compensatory relief for but one group of compensable injuries under § 1983. *See id.*; *see also Willams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009) (finding that the PLRA bars recovery under § 1983 for emotional damages absent a physical injury).

Defendants have pointed to no authority holding that the PLRA bars compensatory damages where a prisoner alleges a monetary loss as a result of an alleged constitutional violation. The Court's independent search for the same has turned up empty. Accordingly, the Court declines Defendants' invitation to interpret the PLRA's limitation on damages as barring all claims for compensatory damages.

However, the fact that Plaintiff has prayed for compensatory damages for lost wages does not save his Complaint from the PLRA's bar. This is because Plaintiff's Complaint is simply devoid of any factual allegations from which the Court could infer that he lost wages as a result of Defendants' alleged unlawful actions. Thus, despite Plaintiff's seemingly boiler-plate allegation of lost income, as the Court "read[s] his complaint, the only actual injury that could form the basis for the award he seeks would be mental and/or emotional injury." *See Allah*, 226 F.3d at 250.

This conclusion aligns with the purposes of the PLRA. In explaining why the PLRA bars punitive damages where plaintiffs allege no physical injury, the Eleventh Circuit has relied on the District of Columbia Circuit's reasoning in *Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir. 1998). There, the D.C. Circuit reasoned that "much if not all of Congress's evident intent would be thwarted if prisoners could surmount § 1997e(e) simply by adding a claim for punitive damages and an assertion that the defendant acted maliciously." *Davis*, 158 F.3d at 1348. Similarly, Plaintiff cannot flout § 1997e(e)'s bar on compensatory damages for emotional injuries absent a showing of physical injury simply by nakedly asserting a claim for lost wages. Instead, Plaintiff's Complaint must set forth sufficient factual allegations from which the Court can construe his complaint in a manner that avoids § 1997e(e)'s bar on compensatory damages for emotional injuries. *See Allah*, 226 F.3d at 250. However, Plaintiff has not done that here. Therefore, because Plaintiff has not alleged a physical injury, his claims for compensatory damages cannot proceed.

### 3. Plaintiff Cannot Recover Nominal Damages

In his Response to Defendants' Motion to Dismiss, Plaintiff asserts that he "is . . . entitled to nominal damages." ECF No. 10-1 at 3. Defendants argue that, absent physical injury, the PLRA should be read to bar claims for nominal damages in the same way the PLRA bars claims for compensatory damages for emotional injuries. *See* ECF No. 7-1 at 13.

Both parties' arguments miss the mark. As an initial matter, while the ultimate status of nominal damages under the PLRA may be unsettled in the Eleventh Circuit, *see, e.g., Williams v. Allen*, 2014 WL 2547804, at *2 (M.D. Ga. June 5, 2014), the Circuit's precedent belies Defendants requested interpretation of the PLRA. Indeed,

"[n]ominal damages are not precluded by the Act and 'are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove [an] actual injury sufficient to entitle him to compensatory damages.'" *Jackson v. Hill*, 569 F. App'x 697, 699 (11th Cir. 2014) (alteration in original) (citation omitted) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)). Defendants acknowledge this precedent, but bury the citation in a footnote where they seek to marginalize the case, noting that it is an unpublished decision. ECF No. 7-1 at 11 n.2. However, the Court recognizes that the decision in *Jackson* represents the sound, reasoned decision-making of the Eleventh Circuit, grounded in precedent dating back to the *published* decision in *Hughes v. Lott*, with which the Court can only agree.

What remains undecided in the Eleventh Circuit, however, is whether plaintiffs must specifically pray nominal damages under the PLRA. In the cases considering the availability of nominal damages under the PLRA, the Eleventh Circuit has dealt with pro se plaintiffs. Thus, it found that district courts had erred by not construing the plaintiffs' pleadings liberally where nominal damages were not specifically prayed. *See, e.g., Jackson*, 569 F. App'x at 699 ("The district court erroneously failed to consider whether Jackson was entitled to nominal damages for his claim about being disciplined in retaliation for filing grievances."); *Hale*, 345 F. App'x at 492 ("The district court erred when it found that Hale was not seeking nominal damages because it failed to construe his *pro se* pleadings liberally."); *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009) ("[T]he district court did not consider whether Williams's *pro se* complaint should be liberally construed to request nominal damages . . . ."); *Frazier*, 264 F. App'x at 815 ("[T]he district court did not consider whether Frazier's *pro se* complaint can be liberally construed to request nominal damages."). Pursuant to these decisions, district courts have construed *pro se* complaints praying "such other and further relief as this Court may deem just[,] proper[,] and equitable" as requesting nominal damages. *E.g., Santiago v. Hall*, 2014 WL 4788068, at *7 (M.D. Fla. Sept. 24, 2014) (alterations in original) (internal quotation marks omitted) (citing *Hale*, 345 F. App'x at 492).

Similarly, Plaintiff has requested "[t]hat the Court award any additional or alternative relief as may be deemed appropriate under the circumstances." ECF No. 1 at 10. Importantly, however, the Court deals not with a *pro se* plaintiff, but with a plaintiff represented by counsel. Therefore, Plaintiff's Complaint, though "inartfully pleaded," is not entitled to a liberal construction. *Cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972). The United States District Court for the District of Columbia has recently considered the issue of whether nominal damages must be specifically prayed in order to survive dismissal under the PLRA where only relief for emotional injuries is sought. *See Aref v. Holder*, 953 F. Supp. 2d 133, 149-150 (D.D.C. 2013). There, relying on *Davis v. District of Columbia*, the court found that "in order for a prisoner to avoid dismissal under the PLRA of a claim based only on mental or

emotional injury, a request for nominal damages must actually be specifically pled in the complaint." *Id.* at 149. Even though the plaintiffs in *Aref* "raised the issue of nominal damages in their 'submissions to the court' (i.e., in their briefs), the Court d[id] not believe th[at was] sufficient to save their . . . claims." *Id.* This was because the court found it to "be 'inappropriate' to confront the nominal issue damages by 'strain[ing] to find inferences that are not available on the face of the complaint . . . .'" *Id.* (citing *Davis*, 158 F.3d at 1349).

Applying those principles to Plaintiff's Complaint, the Court finds that Plaintiff's broad prayer for relief, without specific reference to nominal damages, is insufficient to survive a motion to dismiss under the PLRA where Plaintiff has alleged only emotional injuries. While Plaintiff argues in his briefing that he "is . . . entitled to nominal damages," ECF No. 10-1 at 3, he has requested only "[t]hat the Court award any additional or alternative relief as may be deemed appropriate." ECF No. 1 at 10. Although the Eleventh Circuit has indicated that such broad prayers for relief in *pro se* complaints should be construed as requesting nominal damages, the Plaintiff here is represented by counsel. As such, it would be inappropriate for the Court to liberally construe Plaintiff's prayer for relief as praying nominal damages. *See Aref*, 953 F. Supp. 2d at 149. Therefore, "giving the [P]laintiff the benefit of all the inferences to which he is entitled, [the Court] still find[s] nothing in his complaint that can survive the pleading stage." *See Davis*, 158 F.3d at 1349.

## V. CONCLUSION

Because the Court finds that the PLRA applies to Plaintiff's claims and that the PLRA bars the relief that Plaintiff seeks, the Court **GRANTS** Defendants' Motion to Dismiss. In light of the fact that the Court dismisses Plaintiff's claims on the basis that the PLRA bars the relief sought, the Court **DISMISSES** Plaintiff's Complaint in its entirety **WITHOUT PREJUDICE**. *See Frazier*, 264 F. App'x at 815.

This 22 day of October 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7